1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   CHARLES O. THOMPSON, SB# 139841
2      Email:  thompsonc@lbbslaw.com
   LINDSEY CONNOR HULSE, SB# 258514
3      Email:  hulse@lbbslaw.com
   One Sansome Street, Suite 1400
4  San Francisco, CA  94104
   Telephone: 415.362.2580
5  Facsimile:  415.434.0882

6  **EDWARDS WILDMAN PALMER** LLP
   DEBORAH L. MCNEELY, SB# 264444
7      Email:  dmcneely@edwardswildman.com
   660 Newport Center Drive, Suite 900
8  Newport Beach, CA  92660
   Telephone: 949.423.2100
9  Facsimile:  949.423.2101

10  Attorneys for Defendant
    CVS PHARMACY, INC.
11

12              UNITED STATES DISTRICT COURT

13     EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

14  ROBERT M. BARKER,                    | CASE NO.

15              Plaintiff,               | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1131, 1332, 1441 AND 1446**
16       v.

17  CVS PHARMACY, INC., and DOES 1 through 25,
18
                Defendants.
19

20      **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**

21  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

22      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and (b), and

23  1446, Defendant CVS Pharmacy Inc. ("Defendant") hereby removes this action from the Superior

24  Court of the State of California for the County of Nevada to the United States District Court for the

25  Eastern District of California.  Removal is based on the following grounds:

26      1.      On or about January 24, 2012, Plaintiff Robert M. Barker ("Plaintiff") caused a copy of

27  the Summons and Complaint entitled "Robert M. Barker v. CVS Pharmacy Inc., and DOES 1-25,"

28  Nevada County Superior Court Case No. 78246 (the "Complaint") to be served on Defendant.  (*See*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Declaration of Charles O. Thompson ("Thompson Decl.") filed concurrently herewith, ¶ 2.) A true
2   and correct copy of the Summons and Complaint is attached hereto as **Exhibit A** with the proof of
3   service.

4       2.    The Complaint alleges Wrongful Termination; Tortious Wrongful Determination;
5   Violation of the Americans with Disabilities Act; Violation of the Fair Employment Housing Act;
6   Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; and, Violation
7   of the Civil Rights Act. (*See* **Exhibit A.**)

8       3.    The Complaint is the initial pleading setting for claims for relief upon which this action
9   is based and may be removed. The lawsuit was commenced less than one year ago. Accordingly, this
10  Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). (*See Destifino v. Reiswig* (9th Cir.
11  2011) 630 F.3d 952.)

12      4.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because this District
13  embraces the place in which the removal action was filed and has been pending.

14      5.    Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this
15  Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed
16  with the Clerk of the Nevada County Superior Court.

17      6.    Defendant has not answered the Complaint or appeared in the State Court action. (*See*
18  Thompson Decl., ¶ 3.)

19      7.    The Complaint is properly removable on the basis of diversity of citizenship
20  jurisdiction under 28 U.S.C. §1332, in that it is a civil action between citizens of different states and
21  the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained
22  below. The Complaint is properly removable on the basis of federal question under 28 U.S.C. §1331
23  as it alleges claims arising under the laws of the United States, as explained below.

24      8.    Defendant is a citizen of a state different than Plaintiff and is not a citizen of California
25  on the following grounds:

26      a.    Plaintiff is now, and was at the time the matter commenced, a citizen of the
27  State of California within the meaning of 28 U.S.C. § 1332(a). (*See* **Exhibit A** at ¶ 1.)

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4819-9465-9342.1

2

NOTICE OF REMOVAL

1         b.    Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal

2   place of business in Rhode Island. (*See* Thompson Decl., ¶ 4.)

3         c.    The presence of Doe defendants has no bearing on diversity with respect to

4   removal. (*See* 28 U.S.C. § 1441(a): "For purposes of removal under this Chapter, the citizenship of

5   defendants sued under a fictitious name shall be disregarded.")

6       9.    Plaintiff's Complaint does not specify the amount of damages he seeks. However,

7   Plaintiff's failure to specify in his Complaint the specific dollar amount of damages he seeks does not

8   deprive this Court of jurisdiction. (*See Singer v. State Farm Mutual Automobile Ins. Co.* (9th Cir.

9   1997) 116 F.3d 373, 377 [Court holds that a district court may consider whether it is "facially

10  apparent" from the complaint that the jurisdictional amount is in controversy, and if not, the court may

11  require parties to submit summary judgment-type evidence]; *White v. J.C. Penney Life Ins. Co.* (S.D.

12  W. Va. 1994) 861 F.Supp. 25, 26 [defendant may remove a suit to federal court notwithstanding the

13  failure of plaintiff to plead a specific dollar amount in controversy, and if the rules were otherwise,

14  "any plaintiff could avoid removal simply by declining to place a specific dollar value upon its

15  claim"].)

16      10.    The requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied

17  because there is complete diversity, all defendants have joined in this removal, and the amount in

18  controversy shall be met.

19      11.    Plaintiff's Complaint violations of 42 U.S.C. § 12101 and 42 U.S.C. § 1988. (*See*

20  **Exhibit A.**) These claims arise under the laws of the United States and, therefore, the requirements

21  for removal under 28 U.S.C. §1332 are satisfied.

22      Based on the foregoing, Defendant CVS Pharmacy Inc., removes the above-entitled action

23  now pending in the Superior Court of the State of California for the County of Nevada to this Court.

24  Dated: February 21, 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP

25

26                      By_____/s/ Charles O. Thompson_____
                      Charles O. Thompson

27                        Lindsey Connor Hulse
                      Attorneys for Defendant

28                        CVS PHARMACY, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

1  LAW OFFICES OF R. ELLIS HARPER
   R. Ellis Harper, SBN 40838
2  P.O. Box 1829
   Nevada City, CA 95959
3  Telephone: (530) 478-1934
   Facsimile: (530) 478-1952
4
   Attorney for Plaintiff
5  ROBERT M. BARKER

6

7

8

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            IN AND FOR THE COUNTY OF NEVADA

11

12  ROBERT M. BARKER,

13                          Plaintiff,

14  v.

15  CVS PHARMACY, INC.; DOES 1
    through 25, inclusive,

16                          Defendants.

17

18

19

20       Plaintiff complains and alleges as follows:

21                          **PARTIES**

22       1.     Plaintiff Robert M. Barker (hereinafter "Barker" or "plaintiff") is, and at all

23  times herein mentioned was, a resident of the State of California.

24       2.     Defendant CVS Pharmacy, Inc. (hereinafter "CVS") is a Rhode Island

25  corporation authorized to do business in California. CVS employs approximately 160,000

26  individuals. Defendant is an entity subject to suit under the California Fair Employment

27

28

S. MITCHELL

FILED

JAN 23 2012

Superior Court of the
State of California
County of Nevada

Case No.   78246

**COMPLAINT FOR DAMAGES:**

1. Employment Termination Against
   Public Policy [Cal. Govt.
   Code §§ 12940, 12926];
2. Tortious Wrongful Termination;
3. Violation of Americans With
   Disabilities Act (ADA);
4. FEHA Violations;
5. Negligent Infliction of Emotional
   Distress;
6. Intentional Infliction of Emotional
   Distress;
7. Violation of 42 U.S.C. § 1988

1  and Housing Act (hereinafter "FEHA"), Government Code § 12900, et seq., in that such
2  entity regularly employs 15 or more persons.

3      3.    Plaintiff is ignorant of the true names and capacities of defendants sued
4  herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such
5  fictitious names. Plaintiff will amend his complaint to allege the true names and capacities
6  of such defendants when their true names and capacities have been ascertained. Plaintiff
7  is informed and believes and based upon such information and belief alleges that each of
8  the fictitiously named defendants is responsible in some manner for the occurrences,
9  transactions, acts, representations, violations of law or events alleged herein, and that
10  plaintiff's damages were in some manner caused by the conduct of such named Doe
11  defendants.

12      4.    Plaintiff is informed and believes, and based upon such information and
13  belief, alleges that at all times hereafter alleged, the defendants, and each of them, were the
14  agents, principals, servants, employees, or co-conspirators of the other named defendants,
15  and in doing the things alleged herein, were acting within the purpose, course, and scope
16  of such agencies, employment, or conspiracies, and with the consent, permission and
17  ratification by all defendants.

18                      **ADMINISTRATIVE PROCEDURE**

19      5.    Within 180 days of the occurrence of the acts set forth herein, plaintiff filed
20  charges of employment discrimination against defendants with the California Department
21  of Fair Employment and Housing ("FEHA"), and with the Equal Employment Opportunity
22  Commission ("EEOC").

23      6.    On August 2, 2011, a Right-to-Sue Notice was issued by FEHA [Exhibit 1
24  hereto]. A Right-to-Sue Notice was issued by EEOC on January 5, 2012 [Exhibit 2].

25                         **JURISDICTION**

26      7.    Jurisdiction in the cause is established under California Constitution, Article
27  VI, § 10.

28

COMPLAINT FOR DAMAGES
- 2 -

1

### VENUE

2   8.   Venue in the cause is established under the California Code of Civil
3   Procedure § 395.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5   9.   Plaintiff was an active employee of Long's Drugs commencing May 20, 1988.
6   On or about October 31, 2008 CVS, Inc. acquired Long's Drugs. All of Long's employees'
7   benefits and obligations, including health and 401K benefits, were transferred in their
8   entirety to the new employer, CVS, Inc. Plaintiff had continuous employment with
9   Long's/CVS, and was an exemplary employee from the time of his employment in 1988
10   until October 20, 2011 (22 years and five months).

11   10.   On October 22, 2010, plaintiff contacted the Blue Cross/Blue Shield/CVS
12   Employment Assistance Program [hereinafter "EAP"] to obtain a referral to a treatment
13   program, because plaintiff had determined that he was abusing alcohol and needed help.
14   The staff at EAP referred plaintiff to New Dawn Recovery Center in Sacramento
15   [hereinafter "New Dawn"].   At approximately 2:30 a.m. on Sunday, October 24, 2010,
16   plaintiff telephoned CVS store night shift clerk, Phil Ernst, and advised that he was entering
17   a treatment program the next day. At 6:30 a.m. the same day plaintiff again telephoned
18   CVS and spoke with night shift supervisor Ramona Grogan[1], and also advised her that he
19   would be going into a treatment program. She acknowledged that Barker was taking leave.
20   The following day, plaintiff spoke with store manager, Cameron Gustafson, via telephone
21   and told him that he was worried about retaining his job. Mr. Gustafson told plaintiff to
22   do what he needed to do, and get the help he needed. Mr. Gustafson told plaintiff that he
23   should call the automated system to formally request Family Leave. On October 25, 2010,
24   plaintiff entered the in-patient treatment at New Dawn in Sacramento.

25

26

27

[1]Ms. Grogan was working at the store but was unavailable when plaintiff called at 2:30 a.m.

28

COMPLAINT FOR DAMAGES
- 3 -

11.      Although there was an initial telephone "black-out" period at New Dawn, on October 30, 2010 plaintiff finally persuaded the staff that he needed to use the telephone and to apply for Family Leave. He did so through CVS' automated phone system. According to CVS policy, all requests for leave are required to go through the automated system. CVS purportedly responded to that automated request for leave on November 12, 2010. The request was denied due to insufficient hours worked by the plaintiff during the previous year.[2] However, plaintiff did not receive notice of the denial of Family Leave until sometime in December 2010 (due to involvement with the treatment program).

12.      Plaintiff was released from New Dawn on November 11, 2010.[3] EAP referred plaintiff to Community Recovery Resources ("CORR"), a substance abuse treatment center in Grass Valley, California established in 1974. On November 12, 2010, plaintiff presented at CORR and enrolled in an extended out-patient program. CVS, through its insurance, paid for the entirety of plaintiff's program. Plaintiff entered CORR's out-patient program on November 17, 2011.

13.      On or about November 22, 2010, plaintiff went to CVS and again spoke with store manager Cameron Gustafson. Plaintiff informed Mr. Gustafson of his out-patient treatment plan that had been created by CORR staff. Mr. Gustafson stated that plaintiff's treatment plan was acceptable, and he encouraged plaintiff to follow through with the course of CORR's treatment plan.

14.      While still participating in the CORR out-patient program, on December 22, 2010 plaintiff was examined by Aaron J. Cleaveland, M.D., the CORR physician. Dr. Cleaveland and plaintiff determined that plaintiff should apply for disability for a three-month period of time, so that he could concentrate all of his efforts on his treatment and

---

[2]Plaintiff went on disability due to knee surgery in November 2009, and did not return to work until approximately March 2010. Hence, his diminished hours for work year 2010.

[3]It is plaintiff's understanding that EAP/Blue Cross would not authorize a longer in-patient stay.

COMPLAINT FOR DAMAGES

- 4 -

1  rehabilitation. Thus, Dr. Cleaveland placed plaintiff on state temporary disability for three
2  (3) months, until March 21, 2011.

3      15.    On December 23, 2010, plaintiff again spoke with Cameron Gustafson via
4  telephone. Plaintiff asked that he be permitted to return to work, given that there was
5  flexibility with the out-patient program schedule. Mr. Gustafson stated that there was only
6  night-shift work available. Plaintiff said that he was very willing to take a night-shift
7  position, and asked Mr. Gustafson, "When can I start work?" Mr. Gustafson told plaintiff
8  he would call him back, and, approximately 20 minutes later, he did call back. He stated
9  that he could not immediately offer the night-shift position, as he had to check his "2011
10 Forecast." On the same day, Mr. Gustafson called again and said that there was a position
11 available to plaintiff, but that it was part-time, and would be at a reduced salary. Plaintiff
12 informed him that he would just continue his disability leave and discuss the matter with
13 him after he had completed the out-patient program.

14      16.    At the beginning of January (sometime after January 7, 2011), plaintiff's wife,
15 Mary Ann Barker, was shopping at CVS. She offered plaintiff's Employee Family Discount
16 Card, but it was rejected. This was the first notice that plaintiff had that his employment
17 had been terminated from CVS. On approximately January 14, 2011, plaintiff received CVS
18 Future Fund's letter dated January 12, 2011 regarding disbursement of his 401K funds. This
19 letter was the first written notice plaintiff had that he had been terminated from CVS, and
20 such notice did not even come from CVS, but from the company's 401K managing arm.
21 Plaintiff telephoned CVS in or about late February 2011, and was informed that his
22 termination date was January 7, 2011.

23      17.    Plaintiff's temporary state disability terminated on March 21, 2011. Plaintiff
24 has been and continues to be ready, willing and able to work, and with no accommodation
25 necessary.

26

27

28

1    18.   Plaintiff is informed and believes and thereupon alleges that each of the acts

2  done by each of the defendants was not discretionary in that defendants were without

3  discretion to terminate plaintiff's employment while he was on temporary state disability.

4                               **FIRST CAUSE OF ACTION**

5                 **EMPLOYMENT TERMINATION AGAINST PUBLIC POLICY**
                              **[Against All Defendants]**
6
7    19.   Plaintiff realleges and incorporates herein by reference each and every

8  allegation contained in paragraphs 1 through 18 of the complaint as though set forth in full.

9    20.   · Plaintiff belongs to a protected class, in that he was on state disability when

10 he was wrongfully terminated by defendant CVS.

11   21.   At all times relevant, plaintiff undertook and continued his employment with

12 defendants and duly performed all terms and conditions of his employment. Prior to his

13 discharge, plaintiff was at all times ready, willing and able to perform, and offered to

14 perform, all the provisions of his employment. Plaintiff is informed and believes and

15 thereupon alleges that defendants, and each of them, unfairly dealt with plaintiff, in

16 violation of Government Code § 12940 et seq., and took adverse employment action against

17 plaintiff which resulted in his termination, that such termination was in violation of the

18 Government Code, and amounts to wrongful termination in violation of the public policy

19 of the State of California.

20   22.   Within the State of California there exists a substantial and fundamental

21 public policy prohibiting employment-related disability discrimination of the type of

22 conduct described herein above, which public policy is set forth in statutes proscribing such

23 conduct, including but not limited to Civil Code §§ 51 and 52, and Government Code §§

24 12900, *et seq.*

25   23.   This public policy of the state is one that benefits the public at large and

26 guarantees the right of any citizen to hold employment without disability discrimination

27 or subjection to adverse employment action. Plaintiff was entitled to take temporary

28 disability during the course and scope of his employment with CVS. Defendants, and each

COMPLAINT FOR DAMAGES
- 6 -

1    of them, violated Civil Code § 51, and thereafter terminated the plaintiff because of his
2    disability.

3        24.    Plaintiff is informed and believes and thereupon alleges that the conduct of
4    defendants, as described herein above, constitutes a violation of the public policy of the
5    State of California, as expressed in various provisions which collectively prohibit disability
6    discrimination by the employer. 42 USC §§ 12101-12213; and Gov.C. §§ 12940(a), and 12941.

7        25.    As a proximate result of defendants' discrimination due to plaintiff's
8    disability, together with other unlawful conduct and unlawful personnel directives by the
9    employer, plaintiff was terminated from his employment, and such termination was in
10   violation of the public policy of the State of California.

11       26.    As a further direct and proximate result of defendant's conduct, plaintiff has
12   suffered, and continues to suffer, substantial losses in earnings and employment benefits,
13   and seeks general and special damages in an amount to be determined according to proof
14   at trial.

15       27.    In doing the acts herein alleged, the defendants, acted with malice, fraud and
16   oppression, and with a conscious disregard of plaintiff's rights, and violated numerous
17   public policies of the State of California, and plaintiff is entitled to exemplary damages from
18   defendants in an amount sufficient to punish said defendant and to deter such wrongful
19   conduct in the future.

20        WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

21                          **SECOND CAUSE OF ACTION**

22              **TORTIOUS WRONGFUL DETERMINATION**
                         **[Against All Defendants]**

23

24       28.    Plaintiff realleges and incorporates herein by reference each and every
   allegation contained in paragraphs 1 through 27 of the complaint as though set forth in full.

25       29.    It is unknown on what date plaintiff was officially terminated by CVS, as he
26   has never received any termination notice. However, defendants, and each of them,
27   terminated Barker, without notice, warning, or hearing. Plaintiff was a disabled person

28

1 within the meaning of Cal. Govt. Code, § 12940(a), and defendants approved and knew that
2 he was on temporary state disability for the period October 25, 2010 through March 22,
3 2011. Despite this knowledge, defendants, and each of them, terminated plaintiff without
4 warning, notice or hearing.

5     30.   Barker's termination constitutes both a violation of statute, and a violation of
6 fundamental principles of public policy and statutory rights.

7     31.   As a direct and proximate result of the tortious wrongful termination of
8 Barker by defendants, and each of them, plaintiff has been damaged in a sum equal to the
9 total of plaintiff's back pay and front pay for the period commencing January 7, 2012
10 through the date of judgment, accrued benefits, and accrued CVS 401K Plan and/or the
11 Employee Stock Ownership Plan ("ESOP") monies, together with interest at the legal rate.
12 The exact amount of Barker's damages is not ascertainable at this time, but plaintiff will
13 seek leave to amend his complaint when the true amount becomes known.

14     32.   As a further proximate result of the acts of the defendants, Barker has lost,
15 and will lose, earnings (front and back) and benefits in an as yet unascertained amount.
16 The full amount of Barker's lost earnings is not known to him at this time, and plaintiff will
17 move to amend this complaint to state the amount when it becomes known to him, or on
18 proof thereof.

19     WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

20                       **THIRD CAUSE OF ACTION**

21         **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
                     **42 USC § 12101, et seq.**
22                **[Against All Defendants]**

23     33.   Plaintiff realleges and incorporates herein by reference each and every
24 allegation contained in paragraphs 1 through 32 of this complaint as if set forth in full.

25     34.   The Americans with Disabilities Act (ADA) 42 USC § 12101, Section 12114, as
26 well as California Government Code 12940(a), prohibits, *inter alia*, discriminatory practices
27 involving employment. Under Title II of the Act, disability discrimination is prohibited and

28

1  supports a disparate impact analysis to ferret out discrimination in the work place. Further,
2  Title II requires employers to consider whether reasonable accommodation will permit an
3  injured employee to discharge the essential job functions. The mandate of the Act is to
4  direct reasonable accommodation so the employee can still perform the essential functions
5  of the job position with or without reasonable accommodation. Plaintiff is a qualified
6  individual with a disability as defined by 29 CFR § 1630.2 (1991) because of physical and
7  emotional impairments that substantially limited one or more of his major life functions.
8  Plaintiff has one or more qualifying disabilities as enumerated in ADA § 201(2) referenced
9  above.

10  35.   Under Title II of the Act, defendants, and each of them, were required to
11  accommodate the limitations that affect the employee's performance; to wit, plaintiff's entry
12  into and completion of a treatment program to address his alcohol problems pursuant to
13  California Labor Code § 1025. Defendants, and each of them, failed to accommodate such
14  disability by terminating plaintiff's employment while he was on state disability.

15  36.   Plaintiff had a covered disability and was otherwise entitled to reasonable
16  accommodation by his employer. The accommodation that was required included in-
17  patient and then out-patient alcohol rehabilitation programs for plaintiff. Plaintiff was
18  treated differently than those other employees similarly situated, and the specific
19  discriminatory treatment of the plaintiff is demonstrated by a "disparate impact analysis,"
20  or discriminatory treatment of a person with a covered disability such as the plaintiff. 29
21  C.F.R. § 1630.7 (1991), and related sections, prohibit discrimination against the plaintiff

22  37.   Plaintiff Barker was illegally terminated by reason of discriminatory conduct
23  of defendants, and each of them, which was not permitted and was in violation of the ADA.

24  38.   Plaintiff's termination resulted from no other reason than the fact that plaintiff
25  suffered from the effects of a covered medical disability. The defendants, and each of them,
26  failed to accommodate the disability of plaintiff.

27

28

1   39.    As a direct and proximate result of such disability discrimination and
2   violation of 42 USC § 12101, plaintiff has sustained damages, including loss of his
3   employment, loss of front and back pay, accrued benefits, including 401K and/or ESOP
4   monies, emotional distress, together with reasonable attorney fees and costs as permitted
5   under Title VII of the 1964 Civil Rights Act in an amount subject to proof on trial.

6       WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

7                              FOURTH CAUSE OF ACTION

8                                  FEHA VIOLATIONS
                                 [Against All Defendants]
9

10      40.    Plaintiff realleges and  incorporates herein by reference each and every
11  allegation contained in paragraphs 1 through 39 of the complaint as though set forth in full.

12      41.    The Fair Housing and Employment Act set forth in Government Code §
13  12900, et seq., is applicable to the conduct of CVS in that it employs approximately 160,000
    employees, and is therefore subject to the terms and provisions of the Act.
14

15      42.    The discriminatory practices engaged in by defendants, and each of them,
16  included denying plaintiff reasonable accommodation as requested, and which plaintiff
    believed had been granted by defendants, but then terminating plaintiff's employment
17  without warning or notice.
18

19      43.    CVS treated plaintiff differently from those employees similarly situated,
20  specifically those individuals with disabilities, in violation of the Americans With
    Disabilities Act.
21

22      44.    By reason of the foregoing, plaintiff Barker has been damaged by the failure
23  of said defendants to refrain from discriminatory practices in the work place in an amount
    to be proven at trial.
24

25      45.    As a proximate result of defendant CVS's discrimination and adverse
26  employment decision against Barker, plaintiff has suffered and continues to suffer
    substantial losses in earnings, bonuses, deferred compensation and other employment
27  benefits, and has suffered and continues to suffer embarrassment, humiliation and mental
28

COMPLAINT FOR DAMAGES
- 10 -

1   anguish, all to his damage in an amount according to proof within the jurisdiction of this
2   court.

3       46.    Defendants, and each of them, committed the acts alleged herein maliciously,
4   fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, and for an
5   improper and evil motive amounting to malice, and in conscious disregard of plaintiff's
6   rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount
7   according to proof.

8       47.    As a result of defendant's discriminatory acts as alleged herein, plaintiff is
9   entitled to reasonable attorney fees and costs of said suit as provided by California
10  Government Code § 12965(b).

11      WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

12
13                          **FIFTH CAUSE OF ACTION**

14              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
                          **[Against All Defendants]**

15      48.    Plaintiff realleges and  incorporates herein by reference each and every
16  allegation contained in paragraphs 1 through 47 of this complaint as though set forth in full.
17      49.    Defendants' conduct set forth herein was extreme, outrageous, indecent,
18  unacceptable by any standard, and a gross abuse of defendants' superior position, and their
19  position of authority attendant to plaintiff's employment relationship as a subordinate and
20  defenseless employee. Plaintiff is informed and believes, and thereupon alleges, that the
21  conduct of defendants, and each of them, was intended to cause plaintiff severe emotional
22  distress or was perpetrated in conscious disregard of the probable consequences thereof.

23      50.    Defendants' extreme, outrageous and indecent conduct, as heretofore set
24  forth, was extreme and outrageous and an abuse of the employer-employee relationship.

25      51.    Defendants' conduct towards plaintiff, as described herein, was extreme,
26  egregious and outrageous, and beyond all possible bounds of decency, and was atrocious
27  and utterly intolerable in a civilized community. Such extreme and outrageous conduct of

28

1  defendants, and each of them, was made even more attenuated because it arose from an
2  abuse of a position of trust, good faith and confidentiality towards plaintiff, which gave
3  defendants the actual and/or apparent authority over plaintiff, and the power to adversely
4  affect the plaintiff's interests, in that defendants, and each of them, were his employer and
5  he was the subordinate.

6      52.    Defendants engaged in the said conduct knowing full well that such conduct
7  would likely cause emotional distress to plaintiff. Defendants, and each of them, engaged
8  in said conduct in reckless disregard to the probability of causing plaintiff emotional
9  distress because defendants were fully aware that there was a high degree of probability
10 that emotional distress would result from their conduct, and said defendants acted with
11 deliberate disregard of that probability, and with a conscious disregard of the probable
12 results.

13     53.    As a legal result of defendants' conduct as described herein, plaintiff has
14 suffered mental distress, mental suffering and mental anguish, including fright,
15 nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well
16 as physical pain.

17     54.    As a direct, legal and proximate result of defendant's conduct, plaintiff has
18 suffered general and special damages in an amount according to proof at time of trial

19         WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

20                          **SIXTH CAUSE OF ACTION**

21              NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
                          [Against All Defendants]

22
23     55.    Plaintiff realleges and incorporates herein by reference each and every
   allegation contained in paragraphs 1 through 54 of this complaint as though set forth in full.
24
       56.    Plaintiff is informed and believes, and thereupon alleges, that in engaging in
25
   the conduct alleged herein, defendants negligently and/or willfully violated the statutory
26
   standards set forth in 42 USC § 1988; 42 USC §§ 12101-12213; and Government Code §§
27
   12940(a), 12941.
28

57.   Plaintiff is informed and believes, and thereupon alleges, that in engaging in the conduct alleged herein, defendants' negligently and/or willfully violated the statutory standards set forth in Government Code § 12940 et. seq., all of which were the direct, legal and proximate cause of the severe and serious emotional distress of plaintiff.

59.   As a direct, legal and proximate result of defendants' conduct as described herein above,  plaintiff has suffered and will continue to suffer mental distress, mental suffering and mental anguish, including fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity.

60.   As a direct, legal and proximate result of defendant's conduct, plaintiff has suffered general damages in an amount according to proof at time of trial.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS 42 USC § 1988
[Against All Defendants]

61.   Plaintiff realleges and  incorporates herein by reference each and every allegation contained in paragraphs 1 through 60 of the complaint as though set forth in full.

62.   On or about January 7, 2011 plaintiff was summarily terminated from his employment with CVS, in violation of the Americans With Disabilities Act, and in violation of plaintiff's civil rights under 42 USC § 1988.

63.   As a further and proximate result of the defendant's unlawful and intentional wrongful termination, plaintiff has been harmed in that he has suffered the intangible loss of such employment related benefits and opportunities as experienced in the position from which he was removed.  As a result of such conduct and consequent harm, plaintiff has suffered damages in an amount according to proof at trial.

64.   As a further proximate result of the defendant's unlawful and intentional retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that he has suffered, among other things, difficulty sleeping, emotional pain, humiliation, loss of enjoyment of life, severe depression, loss of self-worth, and emotional distress. As a result

1   of such conduct and consequent harm, plaintiff has suffered such damages in an amount

2   according to proof at trial.

3       65.    As a further proximate result of defendant's violation of plaintiff's civil rights,

4   plaintiff is entitled to attorney fees pursuant to 42 USC § 1988(b).

5   <center>PRAYER</center>

6       WHEREFORE, plaintiff prays for judgment against defendants, and each of them,

7   as follows:

8   **First Cause of Action**

9       1.    For compensatory damages, including loss of earnings, front and back pay,

10   loss of accrual of benefits, including health care insurance premiums for plaintiff and his

11   dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

12   according to proof;

13       2.    For general damages for losses resulting from humiliation, mental anguish,

14   and emotional distress according to proof;

15       3.    For exemplary damages according to proof;

16       4.    For such other and further relief as the Court may deem just and proper.

17   **Second Cause of Action**

18       1.    For compensatory damages, including loss of earnings, front and back pay,

19   loss of accrual of benefits, including health care insurance premiums for plaintiff and his

20   dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

21   according to proof;

22       2.    For general damages for losses resulting from humiliation, mental anguish,

23   and emotional distress according to proof;

24       3.    For statutory interest according to proof;

25       4.    For such other and further relief as the Court deems just and proper.

26   ///

27   ///

28

<center>COMPLAINT FOR DAMAGES

- 14 -</center>

1    Third Cause of Action

2        1.      For compensatory damages, including loss of earnings, front and back pay,

3    loss of accrual of benefits, including health care insurance premiums for plaintiff and his

4    dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

5    according to proof;

6        2.      For general damages for losses resulting from humiliation, mental anguish,

7    and emotional distress according to proof;

8        3.      For statutory attorney fees according to proof;

9        4.      For costs of suit;

10       5.      For such other and further relief as the Court may deem just and proper.

11   Fourth Cause of Action

12       1.      For compensatory damages, including loss of earnings, front and back pay,

13   loss of accrual of benefits, including health care insurance premiums for plaintiff and his

14   dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

15   according to proof;

16       2.      For general damages for losses resulting from humiliation, mental anguish,

17   and emotional distress according to proof;

18       3.      For exemplary damages according to proof;

19       4.      For statutory attorney fees according to proof;

20       5.      For costs of suit;

21       6.      For such other and further relief as the Court may deem just and proper.

22   Fifth Cause of Action

23       1.      For compensatory damages, including loss of earnings, front and back pay,

24   loss of accrual of benefits, including health care insurance premiums for plaintiff and his

25   dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

26   according to proof;

27

28

1   2.  For general damages for losses resulting from humiliation, mental anguish,

2 and emotional distress according to proof;

3   3.  For statutory attorney fees according to proof;

4   4.  For costs of suit;

5   5.  For such other and further relief as the Court may deem just and proper.

6   **Sixth Cause of Action**

7   1.  For compensatory damages, including loss of earnings, front and back pay,

8 loss of accrual of benefits, including health care insurance premiums for plaintiff and his

9 dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

10 according to proof;

11   2.  For general damages for losses resulting from humiliation, mental anguish,

12 and emotional distress according to proof;

13   3.  For exemplary damages according to proof;

14   4.  For statutory attorney fees according to proof;

15   5.  For costs of suit;

16   6.  For such other and further relief as the Court may deem just and proper.

17   **Seventh Cause of Action**

18   1.  For compensatory damages, including loss of earnings, front and back pay,

19 loss of accrual of benefits, including health care insurance premiums for plaintiff and his

20 dependents, 401K and/or ESOP contributions, and other employment benefits in an amount

21 according to proof;

22   2.  For general damages for losses resulting from humiliation, mental anguish,

23 and emotional distress according to proof;

24   3.  For statutory attorney fees according to proof;

25   4.  For costs of suit;

26 ///

27 ///

28

1    5.    For such other and further relief as the Court may deem just and proper.

2    DATED:  January 23, 2012                    LAW OFFICES OF R. ELLIS HARPER

3
                                                 By_____
4                                                    R. ELLIS HARPER
                                                     Attorney for Plaintiff
5                                                    ROBERT M. BARKER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    COMPLAINT FOR DAMAGES
                                            - 17 -

# EXHIBIT 1



STATE OF CALIFORNIA | State and Consumer Services Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive | Suite 100 | Elk Grove | CA 95758-7115
(916) 478-7251 | TTY (800) 700-2320 | Videophone for the DEAF (916) 226-5285 | Fax (916) 478-7329
www.dfeh.ca.gov

EDMUND G. BROWN, JR., Governor

PHYLLIS W. CHENG, Director

Date : AUGUST 2, 2011

Case Name: ROBERT BARKER vs. CVS PHARMACY

EEOC No: 550-2011-01393

### NOTICE TO COMPLAINANT AND RESPONDENT

☐ 4800 Stockdale Hwy., Suite 215
H Bakersfield, CA 93309
(661) 395-2729

☐ Bay Area Regional Office
M 1515 Clay Street, Suite 701
Oakland, CA 64612
(510) 622-2941

☐ 1277 Alluvial Avenue, Suite 101
C Fresno, CA 93720
(559) 244-4760

☐ 1055 West Seventh Street,
R/S Suite 1400
Los Angeles, CA 90017
(213) 439-6799

☒ Sacramento District Office
E 2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
(916) 478-7230

☐ 2570 North First Street, Suite 480
G San Jose, CA 95131
(408) 325-0344

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

TIMOTHY M. MUSCAT
Chief of Enforcement

DFEH-200-02 (01/11)

# EXHIBIT 2

EEOC Form 161-B (11/09)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Robert M. Barker
527 Scadden Drive
Grass Valley, CA 95945

From: San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2011-01393 | Joseph R. Cosgrove, Investigator Support Asst | (415) 625-5668 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Michael Baldonado,
District Director

1-5-12
(Date Mailed)

Enclosures(s)

cc:    CVS PHARMACY
c/o Stacy Cowan
Morgan Brown & Joy LLP
200 State St.
Boston, MA 02109

R. Ellis Harper
R. ELLIS HARPER, ATTORNEY AT LAW
P.O. Box 1829
Nevada City, CA 95959

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you receive this Notice**. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
**before 7/1/10** – not 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**SUMMONS**

*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CVS PHARMACY, INC.; DOES 1-25, inclusive

**FILED**
JAN 23 2012
Superior Court of the
State of California
County of Nevada

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT M. BARKER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| CASE NUMBER: *(Número del Caso)* |
|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, Nevada County
201 Church Street, Suite 5
Nevada City, CA  95959

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. ELLIS HARPER                         Law Offices of R. Ellis Harper
P.O. Box 1829                           530-274-1961
Nevada City, CA  95959

DATE:                     JAN 2 3 2012     Clerk, by _____ , Deputy
*(Fecha)*                                  *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
       CVS Pharmacy, Inc.

3. ☒ on behalf of *(specify):*
   under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Martin Dean's
ESSENTIAL FORMS

Barker, Rob

File No. 31900.10

# CERTIFICATE OF SERVICE
### *Barker v. CVS Pharmacy, Inc., et al.*
USDC – SACRAMENTO DIVISION CASE NO. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 21, 2012, I served the following document:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1131, 1332, 1441 AND 1446**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| R. Ellis Harper, Esq.<br>Law Offices of R. Ellis Harper<br>P.O. Box 1829<br>Nevada City, CA 95959<br>*Attorneys for Plaintiff* | Tel:  (530) 478-1934<br>Fax:  (530) 478-1952<br>Email: rellisharper@yahoo.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rules, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated:  February 21, 2012

_____/s/_____
B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW